argument in the final matter on today's argument calendar. Bank v. Spark Energy, 24071. Good morning, this is Todd Bank. I am the plaintiff appellant in this case. I think the problem I think with the district court primarily in terms of dismissing the complaint, that the court was requiring, essentially was rather than notice pleading under rule 882. And I was thinking about this and if you compare it to an FDCPA case in which the typical allegation is the plaintiff received a letter from the defendant, this is what the letter said. And those are typically all the facts. It might be a date or some slight additional detail. But it seems that in this case, the district court found that that kind of pleading, equivalent of that kind of pleading, wasn't enough. And again, I think the district court, in effect, applied the wrong standard. Moving on to Article 3 and the state law claim, I refer to the court to the briefs and particularly to my case, Bank v. Uber, which I think is the most analytical of the several cases that have dealt with the issue of Article 3 standing in a that is without additional allegations of harm beyond the violation itself. And the last point, also in the brief of course, is the district court's finding that although the proposed amended complaint stated a cause of action, at least under the TCPA, that I had not acted in good faith in drafting the original complaint, and therefore I should not be entitled, given we plead, I think for the reasons I expressed in my brief, I think that was an incorrect finding. I explained very clearly both during oral argument to the district court or before the district court and in the briefs, why I had drafted the original complaint in the manner I had. And so I think that while the dismissal was incorrect, if it were to be affirmed, I think that the district court's order should be vacated to the extent that the district court did not leave to replead. Thank you. So you've reserved some time for rebuttal. We'll hear from Mr. Peterson. We can't hear you, Mr. Peterson. My apologies, Your Honor. Thank you. May it please the LLC. The district court here correctly dismissed the TCPA claims for failing to state a claim on which relief could be granted, correctly concluded that it lacked jurisdiction over the state law claim, and did not abuse its discretion in denying leave to amend. We would urge that the judgment below be affirmed. With respect to the TCPA claim under section 227b1, I think my friend's analogy is actually helpful. He talked about the circumstance in which there is a complaint where a plaintiff alleges that he has received a letter from the defendant, and that is the allegation factually that's missing here. That there is a conclusory assertion that SPARC was somehow responsible, but there is no factual content in the complaint that allows the court to draw the reasonable inference that SPARC Energy actually placed these calls. With respect to the section 227c5 claim, again, this is not the district court applying the wrong standard. There's a basic element of that claim that the phone number called was on the National Do Not Call Registry. That allegation was missing from the complaint. Would have been a very easy allegation to make. It was simply left out. Turning to the state law claim, I know that the standing issue can be somewhat difficult, and that's why I've tried to urge this court to find an alternative basis for affirmance, and that's the supplemental jurisdiction point. Now, my friend argues in his reply brief that the district court erred, that supplemental jurisdiction was not the only basis for exercising jurisdiction over the state law claim, but that he had also adequately alleged jurisdiction under the Class Action Fairness Act. There are two problems with that. First, it's an argument that needed to be in his opening brief. Arguments that are reserved for the reply brief and raised for the first time there are forfeited. Second, I'll point out, his argument also fails on the merits. My client's an LLC, of course, and the citizenship for diversity purposes of an LLC is the citizenship of its members. If you look at the complaints, you won't find any allegations regarding the citizenship of the members of Spark Energy LLC. So he failed to even allege the minimal diversity required by the Class Action Fairness Act. We also believe the standing inquiry is correct, both under Spokeo and this court's decision in Struble. Mr. Bank hasn't alleged that the information he was missing that was allegedly required by the New York state law was information that he actually needed. And I think there's a difference here between looking at the standing inquiry in the abstract, as I think my friend suggests, which is, is this information that someone at some point might potentially have needed, as opposed to the standing inquiry required by this case. Mr. Bank himself actually need this information. Was he exposed to a risk of harm? Would he have changed his behavior had he had it? And there's no suggestion here that he personally needed this information, that he personally was exposed to a risk of harm, or that he would have altered his behavior. Finally, turning to leave to amend, unless of course the court has questions, we have factual findings by the district court that Mr. Bank acted in bad faith. The does not appear in my friend's opening brief. And the district court's conclusion here was that the explanation Mr. Bank gave for leaving out these crucial and elementary facts from his opening brief really wasn't credible. And if you look on appendix page 31, the explanation that was given was that he believed that by leaving out facts from his complaint, he would somehow avoid the filing of a motion to dismiss. That doesn't make sense. And it didn't make sense to the some type of tactical purpose. In our view, it was the attempt to avoid pleading facts that would have weakened his standing argument on his state law claim that caused him to omit the facts that he could have pleaded on his TCPA claims. Unless the panel has questions, I'll happily return the rest of my time. Thank you very much. Mr. Bank, you've got three minutes for rebuttal. Thank you. First, my FTC analogy wasn't in terms of direct versus vicarious liability, but just one regarding the standards of notice pleading. Second of all, I argued that the allegation regarding the 227 C claim and to do not call registry necessarily meant that my phone number was in the registry. But also we I addressed this sort of accusation that my colleague makes about the reason why I pleaded my GBL claim the way I did. So I'll refer to the briefs on that. And again, you know, it's interesting because in the district court, when I did say in part that the reason I drafted the complaint in a the way I did was because yes, in every case where I play, I plead many factual allegations, tremendous detail, I probably get a motion to dismiss, meaning no details are ever sufficient in the view of the defendant. And sure enough, and I think this was discussed in the briefs or in the appendix, at least. Sure enough, when that when Judge Chen said to my adversary during the oral argument that, gee, it seems that with all the facts that we're discussing now, Mr. Bank would be able to state a claim. Naturally, or unsurprisingly, I should say that defense counsel said no, no, we would still make a motion to dismiss. So he proved my point precisely. And in this case, there's no question that there is if not direct liability, vicarious liability, at least as pled. And in fact, as also reflected in the record, I actually enrolled as a result of the call that I received the first of the two calls, I actually enrolled temporarily money, I actually enrolled in the service that was being promoted by the defendant. So clearly there, there's the connection there. And then with the second call, the caller said, Oh, I see that you already enrolled with us and then hung up the phone. So other than that, I will rest on the briefs, but I'll be happy to take any questions. Thank you very much. We'll reserve decision.